EPHRAIM ELSHIRE, PLAINTIFF IN ERROR, V. IDA B. SCHUYLER ET AL., DEFENDANTS IN ERROR.

1. **Liquors:** DAMAGES. Where, by reason of intoxication, a husband is rendered incapable of providing for his family, the wife may recover against the person furnishing the liquor for the loss of means of support during such intoxication.

2. ———: ———. The statute in effect declares the act of producing intoxication a wrong, and makes every one who has contributed to it by furnishing intoxicating liquor, a wrong doer and liable.

3. ———: ———: EVIDENCE. In an action for loss of means of support, injury to the wife's health caused by over work is not a proper element of damage.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*E. W. Thomas* and *C. Gillespie,* for plaintiff in error.

*Isham Reavis* and *A. Schoenheit,* for defendants in error.

MAXWELL, J.

This action was brought by Mrs. Ida B. Schuyler for herself and children to recover damages of the defendant for loss of means of support from May 1st, 1881, to April 28th, 1882, caused by the sale of beer by Elshire to her husband. Mrs. Schuyler in her petition alleges that Elshire began making and selling beer in Rulo about May 1st, 1881, and from that time until the commencement of the action (April 28, 1882) had continually sold beer to Samuel H. Schuyler, her husband, while he was intoxicated, and in quantities sufficient to produce intoxication, thereby rendering him incapable of earning a support for his family. To this petition Elshire answered in substance that he had

36

been engaged in manufacturing beer in Rulo since July, 1881, and that Samuel H. Schuyler may have got beer in small quantities from him, but that he had not sold to said Schuyler while intoxicated nor in quantities sufficient to produce intoxication. On the trial of the cause a verdict was rendered in favor of Mrs. Schuyler for $300.

It is contended on behalf of Elshire that as the intoxication of Schuyler did not cause his death therefore the action cannot be maintained. But this position is entirely untenable. If by means of beer or other intoxicating drink, sold by Elshire to Schuyler, he has been rendered incapable of providing for his family, to the extent of the loss of means of support thus occasioned, the wife may recover, whether it be for a day, month, year, or longer period.

2. The answer admits selling beer to Schuyler, but denies selling the same to him when intoxicated, or in quantities sufficient to produce intoxication. Our former statute made the liability of the person selling liquor depend upon these conditions, *Roose v. Perkins*, 9 Neb., 304; but the statute of 1881 contains no such qualification. It in effect declares the act of producing intoxication a wrong, and makes every one who has contributed to it by furnishing intoxicating liquors a wrongdoer and liable. *Kerkow v. Bauer, ante* p. 150. If injury to the means of support of the wife resulted from such sale, she may recover.

3. The court instructed the jury that "any injury to the health of the plaintiff occasioned by overwork, or excessive labor beyond her physical ability to perform, made necessary by the failure of her husband to support her and her children on account of the continued use of intoxicating liquors of any kind, whether obtained wholly or only in part from the defendant, is a proper element of damages to be considered by the jury," etc. This was clearly erroneous. The action is for loss of means of support—not for wounded feelings or injured health caused by the failure to provide; but to the extent of the loss of support sustained a wife

may recover.   For the error in giving this instruction the judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.

THE other judges concur.