THOMAS M. ROBERTS, PLAINTIFF IN ERROR, V. SARAH E. TAYLOR ET AL., DEFENDANTS IN ERROR.

1. **Liquors:** ACTION AGAINST SALOON KEEPER: PETITION. Where the allegations in a petition filed by a wife and minor children against a saloon keeper for loss of means of support, caused by liquor sold to the husband and father, are that liquors were sold to the husband and father in quantities sufficient to produce intoxication, which Wm. H. T. drank and thereby "became intoxicated, and while in this drunken condition R. (the saloon keeper) continued to furnish him such intoxicating liquors," an allegation thereafter made, that by reason of the use thereof "he has become an habitual drunkard," is not irrelevant.

2. ———: ———: ———. The words "in a great measure," qualifying the allegation of loss of labor and support by the husband, *Held*, Sufficiently definite.

3. **Trial:** OBJECTION TO PETITION. Where objection is made on the trial of a case for the first time, that the petition does not state facts sufficient to constitute a cause of action, the court should, if possible, sustain the petition, or permit an amendment thereto to be made instanter.

4. **Evidence** examined, and verdict *Held*, To be excessive, with leave to plaintiffs to remit from the judgment the sum of $295.66½.

ERROR to the district court for Burt county. Tried below before NEVILLE, J.

*R. B. Daley*, for plaintiff in error.

*Hopewell & Dickinson*, for defendants in error.

MAXWELL, CH. J.

This action was brought by the defendants in error against the plaintiff in the district court of Burt county, to recover for loss of means of support of the husband and father, caused by intoxication from liquor furnished in part,

at least, by the plaintiff in error. On the trial of the cause the jury returned a verdict in favor of the defendants in error for the sum of $995.66⅔, upon which judgment was rendered. A large number of errors are assigned, which will be considered in their order.

*First.* That the court erred in refusing to strike certain words out of the petition. The following is a copy of the petition, omitting formal allegations :

" 1. The plaintiff, Sarah E. Taylor, for herself, and, as next friend, for her minor children, to-wit: Lillie E., age 15 years; Rodes J., age 11; Nettie E., age 8; Nettie G., age 5; Charles A., age 3; complains of the defendant, Thos. M. Roberts, for that on the 15th day of March, A.D. 1883, and during all the intervening time since, the said defendant was and has been a saloon keeper and engaged in the retail traffic in intoxicating liquors in the town of Tekamah, Burt county, Nebraska.

" 2. During the time aforesaid the plaintiff, Sarah E. Taylor, was, and for a long time prior thereto had been, the wife of the said Wm. H. Taylor, and the other plaintiffs are their minor children.

" 3. That the plaintiffs were all dependent on said Wm. H. Taylor for their means of support; that prior to said 15th day of March, 1883, that said Wm. H. Taylor was an able-bodied, industrious, energetic man, and provided a good living for his family, the plaintiffs aforesaid; that the proceeds of his labor and earnings amounted to about the sum of $1,000 per year, which he applied to their support; that at the above named dates the said plaintiffs and Wm. H. Taylor were in comfortable circumstances and had $500.

" 4. That on or about the 15th day of March, A.D. 1883, and at divers times thereafter, continuing down to the commencement of this action, the said defendant sold and furnished to the said Wm. H. Taylor intoxicating liquors in quantities sufficient to cause intoxication, which said Wm. H. Taylor drank and thereby became intoxicated,

and while in this drunken condition the said defendant continued to furnish him such intoxicating liquors.

"5.    The said Wm. H. Taylor, by reason of the use of said intoxicating liquors so as aforesaid furnished him by said defendant, has become an habitual drunkard, and these plaintiffs have in a great measure been thereby deprived of his labor and support during the whole of the time aforesaid.    The $500 above referred to has been squandered and the plaintiffs are left wholly without means of support.

"6.    The plaintiff, Sarah E. Taylor, and said minor children constitute one family and have sustained damages in the premises in the sum of $5,000."

The defendant filed a motion to strike from said petition the following words, for the reason that the same are irrelevant to the issue and redundant, to-wit:

The said Wm. H. Taylor "has become an habitual drunkard and."

Which motion was overruled and the defendant excepted.

Thereafter the defendant filed a motion to require the plaintiffs to specify the amount of the husband's labor and support of which they had been deprived as averred by the words "in a great measure," and asking that plaintiffs specify the items and dates of such lost labor and support.

Which motion was overruled, to which the defendant then and there excepted.

The defendant thereupon filed an answer to said petition, as follows:

"1.    The defendant, answering the plaintiffs' petition, admits that he was a saloon keeper as charged, and that Sarah E. Taylor and the other plaintiffs were the wife and children of Wm. E. Taylor and were dependent on him for their means of support, and that they constitute one family.

"2.    Said Wm. H. Taylor was on and prior to the 13th day of March, 1883, a man who indulged in the use of intoxicating liquors, and by reason of this habit for several years prior to March 15, '83, had neglected and failed to

appropriate all his earnings and time to the support of his family.

"3.   Defendant says that from February 1st to September 10 he did not sell nor give, nor permit to be sold or given by his agents or employes, to Wm. H. Taylor any intoxicating liquor of any character.

"4.   Defendant avers that said plaintiffs ought not to have and maintain their action against him for loss of their means of support, by reason of the selling or furnishing of intoxicating liquor by said defendant to said Wm. H. Taylor, during that portion of the time mentioned in plaintiffs' petition from and after September 15th, 1884, to the commencement of this action, for the reason that the defendant says that on or about the last mentioned date the plaintiff, Sarah E. Taylor, personally directed and requested the defendant to let the said Wm. H. Taylor have intoxicating liquor by the drink whenever he wanted it, which request has never been withdrawn, and all liquors thereafter sold and furnished by the defendant to said Wm. H. Taylor were so sold and furnished in pursuance of such request and direction of said plaintiff.   This was done with great care on the part of said defendant to restrain said Wm. Taylor from drinking such an amount as would cause him to become intoxicated.

"5.   Defendant denies each and every allegation in said plaintiffs' petition contained, and not hereinbefore admitted."

The reply is a general denial.

The first objection is, that the court overruled the motion to strike out of the petition the words that Taylor "has become an habitual drunkard."   The words are evidently used to indicate that from the almost constant use of intoxicating liquor furnished by the plaintiff in error, Wm. H. Taylor was so far under the influence of such liquor as to be incapable of providing for his wife and family.   In this sense the words are proper and the court did not err in overruling the motion.

*Second,* To require "the plaintiffs to specify the amount of the husband's labor and support of which they have been deprived, as averred by the words 'in a great measure.'"

These words must be construed with reference to the prior allegation that the "defendant (plaintiff in error) sold and furnished to said Wm. H. Taylor intoxicating liquors in quantities sufficient to cause intoxication, which said Wm. H. Taylor drank and thereby became intoxicated, and while in this drunken condition continued to furnish him such intoxicating liquors," and other allegations of like nature, and that, therefore, the plaintiffs below have been to a great extent deprived of the means of support. The sale of liquor and intoxication of the husband are the cause of the injury, and the loss of means of support the consequence. If the loss is not entire it may be stated in such words as show the fact. Where it is alleged that the intoxication is continuous, it would be impossible to state definitely the number of hours the party was partially sober so as to be able to perform some labor. A general allegation, therefore, is sufficient.

On the trial of the cause the attorney for the defendant below objected to the introduction of any testimony, for the reason that the petition fails to state a cause of action. The motion was overruled, to which exceptions were taken and the ruling thereon is now assigned for error.

The petition certainly states a cause of action. It is not as definite, perhaps, in some respects as could be desired, but it contains all the averments necessary to entitle the plaintiff to recover.

The practice of objecting on the trial to the introduction of evidence because the petition fails to state a cause of action is not be encouraged. When the witnesses are in attendance and a large amount of expense incurred which would have been avoided had an objection been made by demurrer at the proper time, the court will, if possible,

sustain the petition, and if need be, permit an amendment to be made instanter to cure the defect. But an amendment was unnecessary in this case. The objections, therefore, were properly overruled.

The testimony tends to show that in March, 1883, Wm. H. Taylor, with his wife and children, removed to Burt county, in this state, from Washington county, Indiana; that prior to that time his wife testifies "he never was a man that indulged in drink. Once in a great while when he was going to town he would get a little liquor and would probably take a little pint bottle home with him and would drink it over Sunday. He never would go on a spree for a month or six weeks in his life." He had owned a small farm in that state, which had been sold and about $500 of the proceeds were brought to this state. Soon after coming here he became addicted to the almost constant use of intoxicating liquor, to such an extent as to be incapable of transacting business, and seems, during a portion of the time at least, to have been one of the idlers around the saloon of the plaintiff in error and others. During this time he contributed but very little to the support of himself and family, while the money that he brought here had been exhausted.

The wife seems to have been industrious, and by constant labor procured for the family nearly all the support it has received. Mr. Taylor is shown to be a robust, healthy man when free from the effects of intoxicating drink, and capable of earning about $9.00 per week. The testimony shows that in February, 1884, Mrs. Taylor notified the plaintiff in error not to sell her husband any more liquor; that afterwards, about August 15th, finding that her husband obtained all the liquor he wanted in bottles, she went with him to the residence of the plaintiff in error and withdrew the order, and, as she testifies, " told Roberts that if he would only give him a drink occasionally as he needed it, he might sell to him." It is not claimed that for liquor sold to the husband in small quan-

tities while this request was in force that there could be any recovery, but for any abuse of the same no doubt there may be. It does not appear who furnished the liquor in bottles to the husband prior to the time the wife made this request, but it is pretty evident that some of it was drank not far from the saloon of the plaintiff in error, and upon the whole case it is very clear that the plaintiff in error furnished, during the time stated in the petition, intoxicating liquor to Taylor, which tended to cause his intoxication. How many others may have aided in producing this result it is not material now to inquire, as the person who gives away or sells intoxicating drink, which was drank by Taylor on or about the time of the intoxication complained of, is liable for any damages sustained from such intoxication. *Kerkow v. Bauer*, 15 Neb., 150. *Elshire v. Schuyler*, 15 Neb., 561. *Warrick v. Rounds*, 17 Neb., 416–417.

The questions in regard to the instructions are disposed of by the decision on the motions heretofore referred to. It is unnecessary, therefore, to review them at length.

The damages, however, are excessive under the proofs in the case, and the plaintiffs below will have leave to remit from the judgment the sum of $295.66⅛, leaving the sum of $700, and upon condition that such remittitur is entered within thirty days from this date the judgment is affirmed; otherwise it will be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.

THE other judges concur.