Cora Caroline Colman, appellee, v. Albert Loeper, appellant.

Filed September 26, 1913.   No. 17,351.

1. Intoxicating Liquors: Action for Damages: Limitations. Where it is shown that an unlicensed seller of intoxicating liquors has sold such liquors to one who has become an habitual drunkard, within four years next before the commencement of an action brought by his wife to recover damages for the loss of support, a plea of the statute of limitations is not available as a defense.

2. ———: ———: Recovery. In such a case, where the disability is permanent, the injury is a continuing one, and recovery may be had for the whole period of the disability.

3. ———: ———: Defenses. The fact that the wife consented to or acquiesced in the sale or gift of intoxicating liquors to the husband is no defense or bar to an action for damages by the wife, and in behalf of the minor children, for loss of means of support through the disability or disqualification of the husband for labor caused by drinking the intoxicating liquors. *Gran v. Houston*, 45 Neb. 813.

4. ———: Sales: Circumstantial Evidence. The sale of intoxicating liquors, like any other fact, may be proved by circumstantial evidence; and it is not error to receive the testimony of a station agent, who had delivered some 32,000 pounds of bottled goods labeled "mineral water" to the defendant, that in his opinion the goods were intoxicating liquors.

5. ———: Action for Damages: Witnesses: Cross-Examination. Where, on the trial of an action for damages caused by the sale of intoxicating liquors to an habitual drunkard, the defendant has introduced evidence to show that he is the owner of a small amount of property, it is not error to permit the plaintiff to pursue that inquiry upon cross-examination, and show that the defendant was possessed of a farm worth about $8,000.

6. ———: ———: Verdict. Evidence examined, and *held* that a verdict for $5,516.70 was not excessive.

Appeal from the district court for Gage county: Leander M. Pemberton, Judge. *Affirmed.*

*L. W. Colby*, for appellant.

*Hugh J. Dobbs, contra.*

BARNES, J.

Action against an unlicensed seller of intoxicating liquors, brought by Cora Caroline Colman, for herself and her two minor children, to recover for the loss of support occasioned by the debauched and drunken condition of the husband and father, Harry D. Colman. A trial in the district court for Gage county resulted in a verdict and judgment for the plaintiff. The defendant has appealed, and his first contention is that a part of the damages claimed were barred by the statute of limitations.

It appears that plaintiff and her husband were married in 1894, and at that time he was a sober and industrious man; that for some six years thereafter he was able to and did earn about $1,000 a year, which he contributed to the support of his wife and children; that in the year 1900 he commenced to obtain intoxicating liquor from the defendant, and gradually became addicted to its excessive use, until the year 1906, when plaintiff induced him to take what is called the "Keeley Cure"; that when Colman returned from that institution he was sober and industrious, and resumed his occupation as a carpenter and farmer, and remained in that condition until the 4th of July, 1907, when he again obtained intoxicating liquor from the defendant, which he drank to excess; that he obtained such liquors from the defendant frequently, and again became an habitual drunkard, and was totally unable to support the plaintiff and his children; that he continued in the excessive use of intoxicating liquors until eventually he threatened to kill his wife and children, and they were compelled to flee from him and take up their abode elsewhere. In March, 1909, the plaintiff brought this action, and it appears that, owing to the debauched condition of her husband, she obtained a divorce from him on or about the 1st of June, 1909; that the husband continued to use intoxicating liquors until he died.

The defendant filed a motion to compel the plaintiff to separately state and number her several causes of action.

The motion was overruled, and the defendant filed an answer, in which he interposed a plea of the statute of limitations as to all sales of liquor which occurred prior to March 10, 1905, and on the trial the defendant requested an instruction to that effect, which was refused, and the court instructed the jury, upon his own motion, as follows:

"Instruction No. 4. If you find from the evidence at the time plaintiff married the said Harry D. Colman, and for some years thereafter, he was a sober and industrious man, was able to, and who did, earn money which he applied to the support of plaintiff and her children, and that afterwards the said Harry D. Colman became a drunkard, and by reason thereof failed to support plaintiff and her said children as well as he would have done had he not become a drunkard, and that defendant, Albert Loeper, at any time within four years prior to March 10, 1909, sold or gave to said Harry D. Colman any intoxicating liquor or liquors, which either caused, or contributed to, his said drunkenness, then plaintiff is entitled to a verdict against the defendant for the amount of damages which you find from the evidence she has sustained by reason of the drunkenness of said Harry D. Colman."

The question on this phase of the case is: Did the trial court err in refusing to treat the appellee's cause of action as separable? This action is not for a partial loss of support during any severable period of time embraced in the petition. It is an action for the total destruction of the means of support which would have been afforded the plaintiff and her children but for the wrongful and illegal sales of intoxicating liquors by the appellant to her husband through a long series of years. It is the ultimate and final result of such sales, namely, the total and permanent disqualification of her husband to support his family, that constitutes the plaintiff's cause of action. Such a cause of action is single and individual.

After reciting her marriage to Harry D. Colman in 1894, the petition alleges that, during all the times covered by her grievance, her said husband with herself and

children constituted one family; that she and her minor children were wholly dependent upon him for their maintenance and support. It is alleged that, during all the time mentioned in her said petition, defendant Loeper was engaged in the sale of intoxicating liquor at his residence in Gage county, Nebraska, without having ever been licensed to deal in alcoholic drinks; that during the years 1900, 1901, 1902, 1903, 1904, and 1905, and a part of 1906, her husband was transformed by the appellant from an absolutely sober, healthy and industrious man to a common drunkard, so that by July of the last named year he was in a condition of almost continuous inebriety; that during the month of July of that year he was placed in a Keeley Cure, and treated for six weeks for alcoholism; that on his return from said institution, and after taking such treatment, the defendant Loeper, well knowing that he had been under treatment at said institution, continued to ply him with intoxicating liquors, and to sell the same to him, beginning about July 1, 1907, and on the 4th day of July, 1907, to the date of the commencement of this suit, the plaintiff's husband lapsed again into the habitual and excessive use of alcoholic liquors as a beverage, such liquors having been furnished and supplied to him by the defendant, whereby he was rendered incapable of providing suitable support and maintenance for plaintiff and her children, and did utterly fail to provide such support and maintenance, and after a prolonged debauch for many years prior to the 20th day of February, 1909, plaintiff, believing that her own life and the lives of her children were endangered by the drunken and incapable condition of her said husband, fled from home with her children, and has not since lived with her said husband.

There is no hint in the language of this petition that the appellant considered her cause of action as anything else than the total disqualification of her husband to support herself and children. The contention of the appellant founded upon the theory of partial failure of

support is negatived by the averments of the plaintiff's petition and the evidence offered in support of it.

In *Pilkins v. Hans,* 87 Neb. 7, we held: "In an action against licensed saloon-keepers for damages arising from the sale of liquors to plaintiff's husband causing his death, it is proper to allege and prove that for some time immediately prior to the day of the death of the deceased the defendants had sold liquors to the deceased and had thereby caused him to become an habitual drunkard."

In *Stahnka v. Kreitle,* 66 Neb. 829, the sales by some of the defendants to the husband, an habitual drunkard, had extended through a greater portion of five years, and the judgment was affirmed. The court held that those defendants, who during the entire period of time had contributed to the formation of the habit, were liable for the resulting continued course of dissipation on the part of the husband.

In *Jessen v. Willhite,* 74 Neb. 608, it was held that one selling liquors is liable, not only for the actual results of the sale, but for all damages growing out of the disqualification resulting from or contributed to by such sale, without reference to the time through which such disqualification may continue.

The obvious meaning of the law is that, when a cause of action has once accrued under the civil damage provisions of the Slocumb act in favor of the wife against the liquor dealer for damages to her means of support arising from the sale of intoxicating liquors to her husband, whereby he has become an habitual drunkard and incapable of supporting his family, the injury is a continuing one, and the wife may recover for all future loss from the moment the cause of action arose, no matter what the quantum of the disqualification may be, and without regard to the length of time through which it may continue to run. It seems clear that the cause of action is not barred by the statute of limitations if a suit is brought within four years after the defendant has ceased to supply the husband with intoxicating liquor.

We are therefore of opinion that the instruction given by the court upon its own motion was as favorable to defendant as he was entitled to, and the instructions as to the statute of limitations tendered by the defendant were properly refused.

The defendant contends that the court erred in refusing to give instructions numbered 2 and 3, at his request. By instruction No. 2 the jury were told, in substance, that if they found from the evidence that the plaintiff voluntarily consented to, or contributed to, the intoxication of her husband by furnishing to him money to purchase intoxicating liquors from the defendant from which the plaintiff's husband became intoxicated, or if she assented to the sale of intoxicating liquors to her husband by the defendant by which liquor her husband became intoxicated, then in that case the plaintiff could not recover. By instruction No. 3 the jury were told that if they found from the evidence that the plaintiff voluntarily contributed money to her husband for the purchase of intoxicating liquors, or if plaintiff gave permission to the defendant to supply her husband with all the intoxicating liquors that he wanted, that plaintiff's husband became intoxicated by the use of said liquors so sold by the defendant, and became sick and neglected his business by reason thereof, those facts were proper to be considered by the jury on the question of damages. The question presented by these instructions is no longer an open one in this state. *Wardell v. McConnell*, 23 Neb. 152; *Gran v. Houston*, 45 Neb. 813; *Jessen v. Willhite*, 74 Neb. 608; *Kliment v. Corcoran*, 51 Neb. 142. In the case last cited it was said: "But whatever view we might feel constrained to adopt of the subject as an original proposition, the question is certainly not now an open one in this jurisdiction. In *Buckmaster v. McElroy*, 20 Neb. 557, the voluntary purchaser of intoxicating liquor was held to be within the protection of the statute providing that 'the person so licensed shall pay all damages that the community or individuals may sustain in consequence

of such traffic,' etc. The doctrine of that case was re-asserted in *Curtin v. Atkinson*, 36 Neb. 110, and in *Gran v. Houston*, 45 Neb. 813, was applied to a state of facts in all essential respects identical with those here presented." It follows that the instructions were rightly refused.

Exception is taken to the giving of instruction No. 8, by the court upon his own motion. By that instruction the jury were informed: "In determining the amount of damages to which the plaintiff is entitled, if you find her entitled to damages, you will take into consideration the amount of support received by plaintiff from the said Harry D. Colman under the decree of divorce which she obtained from him, as shown by the evidence in this case, and make the amount you allow her personally that much less than it would be if she had not received anything from said Harry D. Colman by reason of said decree of divorce; but you will not deduct anything from the amount you allow for the support of the children, except the $30 which the evidence shows has been paid by said Harry D. Colman for their support, pursuant to the decree in said divorce cause."

It appears that after this action was commenced Colman's condition was so bad that the plaintiff was compelled to prosecute a suit for divorce against him; that in that action she was awarded a small amount of alimony, and provision was made for the support of the children. That decree was introduced in evidence, and the amount of alimony actually paid on the decree, together with the amount paid for the support of the children, was shown, and the court instructed the jury to deduct from the damages, if they found in favor of the plaintiff, the amount paid upon the decree. Of this defendant had no right to complain, and if the giving of this instruction was error it was error without prejudice, so far as his rights were concerned.

Complaint is made of the reception of the evidence of Alex T. Watson. This witness was the station agent of

the Burlington railroad at Diller, and his deposition shows that during the year 1906, the year 1907, and part of the year 1908, the defendant caused to be shipped to himself at Diller station, alone, from wholesale liquor houses in St. Joseph, Missouri, some 32,000 pounds of bottled goods, for which he receipted to the company as "mineral water," and which he hauled away. This evidence was introduced for the purpose of showing that the defendant, who was not a licensed saloon-keeper, was engaged in the sale of intoxicating liquors. Up to the time this testimony was introduced it had been strenuously denied by the defendant that he had sold any intoxicating liquors to Harry D. Colman, and this testimony was introduced for the purpose of showing that he had in his possession intoxicating liquors for sale, and incidentally to show that he had sold them to Harry D. Colman. The witness testified to the facts upon which he based his opinion, and it was those facts which tended to prove that defendant was an unlicensed seller of intoxicating liquors.

The sale of intoxicating liquors may be proved, like any other fact, by circumstantial evidence, and the testimony complained of was plainly introduced for that purpose. *Curran v. Percival,* 21 Neb. 434; *Dolan v. McLaughlin,* 48 Neb. 842; *McManigal v. Seaton,* 23 Neb. 549; *Pilkins v. Hans,* 87 Neb. 7. It is true that the witness testified that in his opinion the goods so received by the defendant as "mineral water" were in fact intoxicating liquors. The opinion of the witness was, of course, in itself no evidence upon which the jury could act, and must under some circumstances be so prejudicial as to require a reversal. In this case, however, the witness stated fully the facts from which the conclusion was drawn that the "bottled goods" were in fact intoxicating liquors, and the whole evidence is so conclusive upon this point that we cannot find that the defendant was prejudiced by the admission of the opinion of the witness.

It is also contended that the court erred in receiving

evidence of the fact that defendant was the owner of a farm worth about $8,000. It is a sufficient answer to this contention to say that it appears from the record that defendant opened up that question by his own testimony, and, having introduced evidence to show that he was worth a very small amount, the plaintiff was entitled to pursue that inquiry.

Finally, it is claimed that the verdict was excessive, and was not supported by the evidence, and was due to the passion and prejudice of the jury. The jury, responding to the issues and the proofs in the case, by its verdict, found that the husband, through his habitual drunkenness at the time this action was commenced, was permanently disqualified from supporting his family, and assessed the damages accordingly. By section 11 of the act relating to the sale of intoxicating liquors, it is provided that all persons who shall sell or give away upon any pretext, malt, spirituous or vinous liquors, or other intoxicating drinks, without first having complied with the provisions of this act, and obtained a license as herein set forth, shall, for each offense, be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than $100 nor more than $500, or be imprisoned not more than one month in the county jail, and shall be liable in all respects to the public and to individuals, the same as he would have been had he given bond and obtained license as herein provided. The effect of this provision is to place all dealers in intoxicating liquors on exactly the same footing with respect to damages occasioned by the traffic in intoxicants. A suit may be brought against individuals for the recovery of damages growing out of such traffic, whether licensed saloonkeepers or not.

In *Young v. Beveridge,* 81 Neb. 180, it was held that under the foregoing provisions of law the measure of damages recoverable by the widow against a saloonkeeper is the present value of the sum that the husband would have contributed to her during their joint expect-

ancy, and the amount recoverable by a minor child is the value of the support the father would have contributed to her support during her minority.

In the case of *Warrick v. Rounds*, 17 Neb. 411, it was said: "Questions of fact, and upon conflicting testimony, are to be decided by the trial jury, and a verdict will not be set aside on the ground of a want of sufficient evidence to support it, unless the want is so great as to show that the verdict is manifestly wrong."

Persons engaged in selling intoxicating liquors under license obtained pursuant to the laws of this state are liable in damages for all legitimate and approximate consequences of their traffic, and, if they have induced habitual drunkenness in a previously sober and industrious man, they are liable for a consequent thriftless, dissipated career followed by him after they have ceased to furnish him with liquor.

In *Jessen v. Willhite, supra,* it was said: "(1) One selling intoxicating liquor is liable, not only for the actual results of the sale, but for all damages growing out of the disqualification resulting from or contributed to by such sale, without reference to the time through which such disqualification may continue. (2) Where a husband becomes an habitual drunkard, and abandons his family and ceases to provide for its support, whether such loss of support is permanent or otherwise is a question of fact for the jury."

*Acken v. Tinglehoff*, 83 Neb. 296, was a case where a man 28 years of age, strong and able-bodied, capable of earning $700 a year, was killed by a train while intoxicated from liquors sold to him by the defendant saloonkeepers. It was held that a verdict of $4,500 in favor of his wife and children was not excessive.

In *Jessen v. Willhite, supra,* a verdict for $4,000 was sustained. In that case the husband furnished only $50 or $60 a month for the support of his family, and prior to the trial he had abandoned them.

In *Gran v. Houston, supra,* a verdict of $5,000 was

sustained.  In *Scott v. Chope*, 33 Neb. 41, a verdict of $7,000 was affirmed as not being excessive, in the case of a man 24 years of age, whose earnings amounted to about $600 per annum.

In the case at bar, the husband at the time of the trial was 42 years of age, with an expectancy of something over 25 years, and the plaintiff's expectancy of life was much greater.  The minor children were aged 13 and 15 years, respectively.  Before the husband became an habitual drunkard, he was capable of earning, and did earn and contribute to the support of his family, the sum of about $1,000 a year, and the jury might well have considered that he would have contributed much more than $5,516.70, the amount of the verdict in this case, in the 25 years of his expectancy, to the support of his wife and the support of his children during their minority.

There is no error in the record of which the defendant can justly complain.  It is apparent that he had no defense to this action, and the only question for the consideration of the jury was the amount of the plaintiff's damages.  In the light of all of the evidence contained in the record, it cannot be said that the verdict of the jury was excessive.

The judgment of the district court is therefore

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.