MINNIE BERGMANN ET AL., APPELLEES, V. EMIL KOEHN
ET AL., APPELLANTS.

FILED MARCH 4, 1916. No. 18568.

1. Intoxicating Liquors: CIVIL ACTION: LIABILITY. A licensed saloon-keeper who sells intoxicating liquor to another, which causes or contributes to his death, is liable to the wife and minor children of the deceased, constituting one family, for all of the damages to their means of support which they have sustained by reason of such sales.

2. ————:————: VERDICT: JUDGMENT. In an action against the saloon-keeper and his surety for damages, in which the jury has returned a verdict against both defendants for $9,000, the trial court has the power to render a judgment against the principal defendant for the full amount of the verdict, and may also render judgment against the surety for the sum of $5,000, which is the amount for which the surety company is liable on its bond.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Willis E. Reed, Jack Koenigstein* and *Charles G. Mc-Donald,* for appellants.

*Charles H. Kelsey, contra.*

HAMER, J.

The plaintiff brought suit in the district court for Madison county for herself and minor children against Martin A. Sporn, a licensed saloon-keeper doing business in the city of Norfolk. She joined as a defendant the Title Guaranty & Surety Company, of Illinois, which had furnished Sporn his bond under the provisions of chapter 40, Rev. St. 1913. She also joined Emil Koehn and his surety, together with Seiler & Benning and their surety. She prayed for a judgment for $17,000 damages, which she alleged had been sustained on account of the death of her husband, William Bergmann, whose death was caused by the sale of intoxicating liquors furnished

him by the defendant saloon-keepers. On the trial the action was dismissed as to defendants Koehn and Seiler & Benning and their bondsmen. The jury returned a verdict against Sporn and the Title Guaranty & Surety Company for the sum of $9,000, and each defendant has appealed.

It is contended that the evidence is insufficient to sustain the verdict. The record shows conclusively that plaintiff's husband was a frequenter of defendant Sporn's saloon, and from time to time had bought intoxicating liquors from him; that on the 14th day of June, 1913, he visited the defendant's saloon, in the city of Norfolk, and there purchased and drank intoxicating liquors until he became drunk. At about 7 o'clock on the evening of that day Bergmann started to go to his home, some three or four miles south of the city. He was driving his team of horses and a light buggy south on Thirteenth street and the highway which connected with that street, which highway crossed the main track of the Chicago & Northwestern railroad at right angles. While he was so driving on his way home he collided with the regular passenger train at the railroad crossing and was instantly killed. The evidence shows that he was intoxicated to such an extent that he failed to notice the approach of the train. The record shows that Bergmann was at that time 33 years of age; that he was a successful farmer; that he was an industrious man; kind to his family; and that he contributed to their support a sum in excess of $500 each year, with an increasing amount from year to year. The plaintiff was his wife. They had two minor daughters, one aged about two years and the other an infant. It follows, therefore, that the verdict was sustained by the evidence, and was not excessive as to the principal defendant. This court has often held that in such cases the person who sold and furnished the intoxicating liquors to the deceased is liable for all the damages occasioned by such sales. *Horst v. Lewis,* 71 Neb. 365; *Schick v. Sanders,* 53 Neb. 664; *Roose v. Perkins,* 9 Neb. 304; *Wardell v. McConnell,* 23 Neb. 152.

It appears that the court rendered a judgment against Sporn for the full amount of the verdict, but as to the surety company judgment was rendered against it for the sum of $5,000 only, which was the amount of the bond. It is contended that the court had no power to render such a judgment. In answering this contention, it is sufficient to say that the surety company cannot complain of the action of the trial court. That company, by its bond, undertook to become surety for the saloon-keeper to the amount of $5,000, and the judgment rendered did not exceed the amount of its liability.

Finding no error in the record, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.