RUDOLPH ULDRICH ET AL. V. IDA GILMORE ET AL.

[FILED SEPTEMBER 28, 1892.]

1. **Liquors:** DEALER'S BOND: SURETIES. Where a liquor dealer's bond contains no provision for the payment of all damages which may be adjudged against him under the license law, no action can be maintained against the sureties thereon for damages resulting from the sale of intoxicating liquors by the principal in the bond.

2. ——: ——: ACTION BY MARRIED WOMAN: INSTRUCTIONS: MEASURE OF DAMAGES. In an action for damages by a married woman against a saloon-keeper for loss of means of support resulting from the sale of liquors to her husband, it is error to instruct the jury that habits of the husband prior to the acts complained of are immaterial. Although the fact that he drank to excess will not defeat a recovery, yet such fact may properly be considered by the jury as affecting the measure of damages.

3. **Defendants' instructions,** as modified by the court, were properly given.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*Hastings & McGintie*, for plaintiffs in error, cited: *Boyer v. Barr*, 8 Neb., 71; *Roose v. Perkins*, 9 Id., 315; *Boldt v. Budwig*, 19 Id., 745; *Rouse v. Melsheimer*, 46 N. W. Rep. [Mich.], 372; Comp. Stats. Neb., ch. 50, secs. 15, 16.

*Abbott & Abbott*, and *W. J. Bryan, contra*, cited: *Bollman v. Pasewalk*, 22 Neb., 766; *Thomas v. Hinkley*, 19 Id., 328; *Elshire v. Schuyler*, 15 Id., 561; *Kerkow v. Bauer*, 15 Id., 150; *McClay v. Worrall*, 18 Id., 52; *Warrick v. Rounds*, 17 Id., 416; *Roberts v. Taylor*, 19 Id., 190.

NORVAL, J.

This action was brought by defendants in error, a married woman and her minor children, against the principals and their sureties on two liquor bonds to recover damages resulting from a loss of means of support caused by the intoxication of Thomas Gilmore, the husband of Ida Gilmore and the father of the other plaintiffs. The verdict of the jury was in favor of the plaintiffs below, with an award of damages assessed at $500.

The errors relied upon to procure a reversal of the judgment are as follows:

1. The admission in evidence of the two bonds declared upon.

2. The damages assessed by the jury are excessive.

3. The verdict is contrary to the fifth and sixth paragraphs of the instructions asked by the plaintiffs.

4. The court erred in giving the first instruction asked by plaintiffs.

5. The court erred in changing the first and second instructions requested by defendants.

22

6. The court erred in refusing defendants' third instruc‑
tion.

It is first insisted that the trial court erred in permitting
the introduction in evidence of the saloon bonds sued upon
in this action.   The bonds are alike, except as to the
names of the makers.   Each bond runs to the village of
Tobias, is for the sum of $5,000, and contains the follow‑
ing condition: "Now if the above bounden   *   *   *
shall in all respects comply with chapter 50 of the Com‑
piled Statutes of Nebraska, entitled 'Liquors,' and shall
furthermore comply with ordinance No. 6 of village ordi‑
nances, entitled 'An ordinance licensing and regulating
the sale of malt, spirituous, and vinous liquors within the
village of Tobias,' and moreover pay promptly all fines,
penalities, and forfeitures that may be adjudged against
the said   *   *   *   then and in such case this obligation
to be void, otherwise it shall remain in full force and
effect."

By section 6 of chapter 50 of the Compiled Statutes, it
is provided that the bond given by an applicant for liquor
license shall be conditioned that "he will not violate any of
the provisions of this act, and that he will pay all damages,
fines, and penalties and forfeitures which may be adjudged
against him under the provisions of this act."

It will be observed that the bonds in suit do not comply
with the requirements of the above quoted statutory pro‑
vision, in that they contain no provision for the pay‑
ment of damages.   A surety is only liable according to
the terms of his obligation.   Beyond that he is not an‑
swerable.   This is an action for damages, and as the sure‑
ties never obligated themselves to pay any damages result‑
ing from the liquor traffic, the suit as to them must fail.
(*Sexson v. Kelley,* 3 Neb., 104).

As to the persons named as principals in the bonds, they
are personally liable, without reference to their bonds, for
any injury occasioned by the furnishing of intoxicating liq‑

uors to Thomas Gilmore. This question was passed upon in *Roose v. Perkins*, 9 Neb., 304, and *Jones v. Bates*, 26 Id., 693. If all the allegations in the petition relating to the bonds were eliminated therefrom, the petition would still state sufficient facts to constitute a cause of action against Conrad Most and Rudolph Uldrich.

It is next insisted that the court erred in giving the following instruction at the request of the plaintiffs: "The court instructs the jury for plaintiffs that the habits of Thomas Gilmore prior to May 1, 1888, are immaterial, and if you believe that said Thomas Gilmore bought liquor of the defendants Most and Uldrich, and that the purchase and use of such liquor damaged these plaintiffs, then you should find in their favor for the amount of such damage, even though you should further believe that said Gilmore was an intemperate man before May 1, 1888." The fact that the husband and father drank intoxicating liquors to excess prior to May 1, 1888, the date of the saloon license, will not preclude the plaintiffs from maintaining their action. Under the statute every person who furnishes intoxicating liquors to another, although he may be a drunkard, is liable for all the damage which results therefrom. While the fact of the intemperate habits of Mr. Gilmore prior to, and at the time of, the sales in controversy does not relieve the saloon-keepers from responsibility, yet such fact may properly be considered as affecting the measure of damages. The instruction was prejudicial and should not have been given. (*Dunlavey v. Watson*, 38 Ia., 398; *Rouse v. Melsheimer*, 82 Mich., 172; Black on Intoxicating Liquors, sec. 324.)

Complaint is made of the changing by the trial court of the first and second instructions requested by defendants. By these requests it was sought to limit the right of compensation to damages caused by the use of intoxicating liquors, of which some part was furnished by some one of the defendants. The instructions were changed by substi-

tuting the words "contributed to" for "caused," and as thus changed were given. In this there was no reversible error. As already stated the defendants were liable for all damages resulting from the use of intoxicants by Gilmore to which the liquors furnished by them to him contributed. (*Kerkow v. Bauer,* 15 Neb., 150; *Elshire v. Schuyler,* Id., 561; *Warrick v. Rounds,* 17 Id., 416; *McClay v. Worrall,* 18 Id., 52; *Roberts v. Taylor,* 19 Id., 190.)

Lastly, it is insisted that the court below erred in refusing to give the defendants' third request. The substance of it having been given by the court in other instructions, it was not error to refuse to repeat it. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.