Barr v. Post.

WILLIAM BARR, APPELLANT, v. MARTHA A. POST ET AL., APPELLEES.

| 59 | 361 |
| 60 | 400 |
| 59 | 361 |
| 61 | 617 |

FILED DECEMBER 6, 1899.   No. 10,950.

1. Vacating Judgment: FALSE TESTIMONY.   The intentional production, by a litigant, of false testimony to establish a cause of action or defense amounts to such a fraud as will, in a proper case, entitle the adverse party, if unsuccessful, to the vacation of the judgment rendered against him.

2. ———: ———: PLEADING.   In an original suit to annul a judgment, on the ground that it was fraudulently obtained, the plaintiff must allege and prove that he exercised due diligence at the former trial, and that his failure to secure a just decision of the issues was not attributable to his own carelessness or inaction.

3. **Trial: Preparation: Evidence.** A party must, in preparing for trial, proceed on the assumption that his adversary will produce evidence to support his contention.

4. **Review: Former Trial: Evidence.** Where all the evidence given on a former trial is not contained in the record under review, the court can not determine whether the judgment rendered on such trial was the result of false testimony.

Appeal from the district court of Lancaster county. Heard below before Frost, J. *Affirmed.*

*Burr & Burr* and *Morning & Berge,* for appellant.

*J. S. Kirkpatrick, Thomas Darnall* and *Stewart & Munger, contra.*

Sullivan, J.

This action was instituted by William Barr to secure the cancellation of a judgment for damages recovered against him by Martha A. Post in the district court of Lancaster county. The issues having been decided in favor of the defendants, the plaintiff brings the record here for review by appeal. The question to be determined is the sufficiency of the evidence to sustain the decision. After a careful perusal of the record, we are entirely satisfied that the conclusion of the trial court is correct. The judgment assailed is based on an alleged assault and battery committed by Barr upon Mrs. Post. The reasons assigned for the annulment of the judgment are that it was procured by perjured testimony, and by a fraudulent concealment of material facts. It seems to be conceded that the general finding of the trial court in this case settles, in favor of appellees, the right of Mrs. Post to a judgment against appellant for some amount; but it is claimed that the jury, relying on false testimony, were induced to award excessive damages. The false testimony, which appellant insists unjustly augmented the recovery, was given by Mrs. Post and related to the character and extent of her services at a public lunch room

in the city of Lincoln, during a period of about five months after she was injured. Her testimony in the law case was to the effect that she did not do cooking or other heavy work, and that her services were intermittent. The evidence given on the trial of this cause shows that she acted both as a waitress and a cook, and that her services were continuous. We are committed by the case of *Munro v. Callahan*, 55 Nebr., 75, to the doctrine that the intentional production by a litigant of false testimony to establish a cause of action or defense amounts to such a fraud as will, in a proper case, entitle the adverse party, if unsuccessful, to the vacation of the judgment rendered against him. But actions of this character are not to be encouraged. Public policy demands that there shall be an end of litigation. A party is informed by the pleadings of the issue for trial, and he must be ready. He is not justified in assuming that his adversary will not produce evidence in support of his contention, whatever it may be. Barr was advised in the law action that Mrs. Post claimed to have been seriously injured, and he should have been prepared with his evidence to show that she was, soon after the alleged battery, engaged in manual labor that required for its performance good health and considerable physical strength. When, at the trial, he was informed where she had been employed, he should have consulted her employers, and called them as witnesses to disprove her claims. Whether the alleged false testimony would support an original action for a new trial, under any circumstances, we do not decide; but we have no hesitation whatever in saying that there is in this record no sufficient showing of diligence to entitle the plaintiff herein to the relief demanded. There is another reason why the judgment of the trial court must be affirmed. It does not appear that the jury, in estimating the damages, did not have ample evidence of unexceptionable witnesses before them. There is nothing to indicate that, laying the testimony of Mrs. Post entirely out of view, the damages are ex-

cessive, or the judgment inequitable. The judgment of
the district court is right, and is

AFFIRMED.

NORVAL, J., not sitting.