GEORGE F. HOWARD, APPELLEE, V. STEPHEN MCCABE ET AL., APPELLANTS.

FILED MAY 10, 1907. No. 14,748.

1. **Intoxicating Liquors: ACTION ON BOND.** Evidence examined, and found sufficient to prove the intoxication in defendant's saloon of one who inflicted an injury upon the plaintiff.

2. **Damages: EVIDENCE.** In an action for personal injuries, the Carlisle table of expectancy may be given in evidence after the introduction of credible evidence tending to show the permanent character of the injury.

3. **Evidence.** One who has been engaged in ordinary mercantile business for a considerable time may testify as to the value of his services and attention to such business.

4. **Instructions.** The giving and refusal of instructions examined, and *held* without prejudicial error.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed.*

*M. H. Weiss, W. M. Morning* and *J. J. Ledwith,* for appellants.

*C. L. Richards* and *Stewart & Munger, contra.*

EPPERSON, C.

The defendant, Stephen McCabe, was a saloon-keeper in the village of Hubbell, in this state, and the other defendant was surety on his liquor bond. One day while the plaintiff, who was a retail dealer in merchandise, was standing in or near his place of business in said village, one Lee Shoup came along, and playfully took the plaintiff's hat from his head and carried it to the saloon. Shortly afterwards plaintiff followed to the saloon, where a playful, but very rough, encounter was forced upon him by Shoup, and terminated in a wrestle in which he was thrown to the floor and one of his legs was broken. This is a suit to recover damages for the injury. The plaintiff

had judgment for $1,000, and defendants appeal. There was a joint motion for a new trial, and the sole inquiry is as to whether there was reversible error as to the principal.

1. The most important inquiry is as to the sufficiency of the evidence to support the verdict. It is contended by defendant that Lee Shoup is not shown to have been intoxicated. Several witnesses testified as to his intoxicated condition, and of his indulgence in liquor on the afternoon in question in defendant's saloon. It appears that he had taken at least eight drinks of whiskey between 2 o'clock and half-past 4, the time of the injury. He was called as a witness by defendant, and, when asked if he was intoxicated, replied: "It is according to what you would call it." There was some evidence introduced tending to show that Shoup was of a boisterous disposition, with a tendency to indulge in practical jokes, when sober. Conceding his character thus established, we cannot presume that even practical jokers would, when sober, good naturedly fracture the limbs of their friends. The evidence is sufficient to sustain the finding of the jury.

2. It is further contended that the trial court erroneously admitted the Carlisle table. At the trial, one year subsequent to the injury, plaintiff testified that the injured limb continued to annoy him, causing great pain and preventing its full use. Two physicians testified that a complete recovery was improbable. We are of opinion that a sufficient foundation was laid for the introduction in evidence of the Carlisle table. *City of Friend v. Ingersoll,* 39 Neb. 717.

3. Plaintiff was, and for three years had, engaged in the mercantile business, giving his personal attention thereto. He was asked relative to the time he was incapacitated on account of the injury: "What would you consider your time and services were worth to you in and about the managing of your business?" Over objection, he was permitted to say what was the fair value of his services and personal attention to his business. This, we think, was

proper. Plaintiff's vocation was an ordinary one, and his three years' experience in business rendered him competent to answer the question. The above, with other evidence relative to plaintiff's business, was objected to on the ground that the petition did not allege damages to business. The petition alleges, among other things, that on account of the injury plaintiff could not attend to his business, and, further, that he had been damaged by the loss of time. We think the evidence competent under the pleadings.

4. Defendants requested and were refused an instruction, in effect, that if plaintiff and Lee Shoup engaged in a friendly scuffle, and it was invited or encouraged by plaintiff, he cannot recover. An instruction given was also objected to because it ignored the effect of plaintiff's voluntary participation in the scuffle. It is doubtful whether the evidence relied upon by defendants was sufficient to require a submission of the question to the jury; but the instruction given is not subject to the objection. It sufficiently states for what wrong plaintiff may recover, as follows: "It is not material whether the injuries inflicted by Shoup on the plaintiff were inflicted with a malicious intent to do him harm, or were inflicted by the said Shoup upon the plaintiff in a friendly scuffle or wrestle imposed upon the plaintiff by the said Shoup in drunken sport. The essential thing is that the injury must have occurred and resulted from the drunken condition of Shoup, and the drunken condition was contributed to by liquors sold Shoup by the defendant, McCabe, at his licensed saloon. If you find all these facts established by the preponderance of the evidence, then plaintiff is entitled to a verdict in his favor."

5. Another instruction given was that the amount allowed plaintiff should be such sum as will compensate him for the amount he is bound to pay as a just compensation for the medical attendance and nursing, etc. There was no evidence that any sum was paid for nursing, except that medical attendance and care may be considered as such.

The word "nursing" should have been omitted, but we cannot see wherein prejudice resulted to defendants. Nothing appears in the record to indicate that the jury were misled by this error.

6. Many other errors are assigned, but a discussion of them would serve no useful purpose. There is no prejudical error in the record, and we recommend that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.