LIZZIE ACKEN, APPELLEE, V. FRED TINGLEHOFF ET AL., APPELLANTS.

FILED JANUARY 23, 1909. No. 15,432.

1. **Intoxicating Liquors: ACTION FOR DAMAGES: EVIDENCE.** In an action by a wife against licensed liquor dealers to recover damages for nonsupport by her husband, who was made an habitual drunkard either wholly or partially through the defendants' traffic, it is competent to introduce the Carlisle table of mortality as evidence of the husband's expectancy of life, when a sufficient foundation therefor is laid by evidence tending to show that the husband's habitual inebriety has premanently impaired his earning capacity.

2. ———: ———: ———. In such action, the plaintiff may prove that necessaries were furnished the family by the county and by charitable institutions; and, also, may show the suffering to which the family was subjected through the husband's neglect caused by his drunkenness.

3. ———: ———. Liquors sold by the defendant need not be the sole cause of an injury to permit a recovery.

4. **Appeal: AMOUNT OF RECOVERY.** Upon conflicting evidence as to the amount of damages, there being sufficient evidence to sustain the verdict, a judgment will not be set aside as excessive.

5. **Intoxicating Liquors:** ACTION FOR DAMAGES: INSTRUCTIONS. An instruction stating: "If you further find from the evidence that, prior to the wrongs complained of in plaintiff's petition, plaintiff's husband was a strong robust man, but that after said wrongs plaintiff's husband was permanently impaired in his earning capacity, then in determining the damages to be allowed plaintiff you may take into consideration the tables of expectancy which have been introduced in evidence" is not erroneous because it permitted the jury to consider permanent impairment from whatever cause, when the uncontradicted evidence showed that the permanent impairment was caused solely by habitual drunkenness.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Strode & Strode,* for appellants.

*Morning & Ledwith, contra.*

EPPERSON, C.

This action was brought by plaintiff for herself and in behalf of her seven minor children against the principal defendants who are licensed liquor dealers, and the surety upon their bonds. Plaintiff alleged substantially that the principal defendants, during the years 1901, 1902, 1903 and 1904, sold intoxicating liquors to her husband, thereby causing him to become an habitual drunkard, permanently injured in health and earning capacity, whereby plaintiff and her children have been deprived of the husband's support, upon which they were dependent. Defendants appeal from a judgment for $3,750.

Plaintiff recovered in part for damages resulting from the permanent disability of her husband. She introduced in evidence the Carlisle table of expectancy of life. Defendants argue that this was inadmissible because there was no evidence of a permanent disability. No witness testified that plaintiff's husband was permanently incapacitated from contributing to the support of his family. It is improbable that any person could have special knowl-

edge which would permit him to testify to a certainty as to whether or not an habitual drunkard would reform or be restored to health, regain his natural faculties, and perform the duty of supporting his family. Such testimony would not strengthen the plaintiff's case. It is for the jury to determine from the evidence of the husband's habits and condition whether his failure to support the family will be permanent. The Carlisle table may be given in evidence after the introduction of creditable evidence tending to show the permanent character of an injury. *Howard v. McCabe,* 79 Neb. 42. Evidence of expectancy is usually introduced in damage cases for personal injuries or death. The case at bar is not, strictly speaking, a personal injury case. It is permitted by the statute, and did not exist at common law. It is, however, very similar to a personal injury case in so far, at least, as the amount of recovery is measured by the same rules. There can be no doubt but that, had the death of a person resulted from the sale of intoxicating liquors, the Carlisle table would be admissible as evidence of expectancy. Every reason for permitting such evidence in personal injury cases exists in the case at bar. Of course, in any such case the foundation for this evidence must be laid. But defendants argue that the husband may reform, and quote from *Rouse v. Melsheimer,* 82 Mich. 172, as follows: "The law does not presume that a drunkard cannot reform, for the world is full of instances of such reformation." The above statement was not made with reference to the life expectancy of the drunkard, and, although the statement is true, it cannot be considered as a judicial predecent to be followed here. In *Jones v. Bates,* 26 Neb. 693, MAXWELL, J., said with reference to a particular drunkard: "Had they (the liquor dealers) ceased supplying him with intoxicating drink, it is probable that he would soon have regained his usual vigor." In *Stahnka v. Kreitle,* 66 Neb. 829, this court disagreed with Judge MAXWELL's dictum above quoted. While it is true that drunkards may reform, yet the probability of any par-

ticular one doing so is a matter for argument, and not for presumption. In the case at bar the evidence shows that the plaintiff's husband at the time of the trial and for a few years preceding was in a deplorable condition of habitual, almost continuous, miserable drunkenness, broken in health by reason thereof, an old man in appearance at the age of 44 years, and, when frequenting defendants' saloons, even late at night, was almost entirely indifferent to the entreaties, not only of his wife, but of his aged mother, and his little boy, who, notwithstanding the degradation to which their husband, son and father had fallen, sought to protect him against the impending danger. The whole record indicates that he has no desire to return to virtuous manhood or good citizenship. The evidence was sufficient to permit the jury to find that his inability was permanent. *Jessen v. Wilhite*, 74 Neb. 608.

The plaintiff over objection was permitted to prove the following facts: That one of her little girls, two years old, did not get any milk to drink; that the county had paid the burial expenses of a deceased child; that a charity organization, the county and the salvation army had at times provided some coal for the use of the family, and provided other necessities; that at times the family did not have sufficient coal to keep them warm, and that the children would go to bed in the daytime to keep warm. Defendants argue that such evidence was calculated to play on the passions and prejudice of the jury. We consider such evidence admissible. It was necessary for the plaintiff to prove that the family was not supported by her husband, and it was perfectly proper to prove that the subsistence of the family was obtained from other sources, and also to prove the physical suffering occasioned by want and neglect.

The court instructed the jury as follows: "If you further find from the evidence that, prior to the wrongs complained of in plaintiff's petition, plaintiff's husband was a strong robust man, but that after said wrongs plaintiff's husband was permanently impaired in his earning ca-

pacity, then in determining the damages to be allowed plaintiff you may take into consideration the tables of expectancy which have been introduced in evidence." It is argued that this was error because not limited to permanent injuries to the husband's earning capacity caused by the use of intoxicating liquors furnished by the defendants, but permitted the jury to consider permanent impairment caused otherwise. There was undisputed evidence that the husband's disability was caused by drunkenness, and that otherwise he was a healthy man. The instruction was necessary.

During the first year of the time when the wrongs complained of were done, one of the principal defendants was not engaged in the liquor business and defendants insist that the court should have given an instruction directing the jury that they should not find against this defendant for damages which resulted from the sale of intoxicating liquors to plaintiff's husband prior to the time that he sold or furnished him intoxicating liquors. No such instruction was asked by any defendant. All the principal defendants joined in a motion for a new trial, whereby the defendant entitled to such an instruction waived this alleged error. Defendants requested a certain instruction not necessary to quote here. We have examined it, and find it substantially the same as No. 3, given by the court on his own motion.

It is insisted that the judgment is so excessive as to indicate that it was the result of passion and prejudice. Under this assignment, the defendants also point out certain evidence tending to show that the plaintiff's husband was addicted to the excessive use of intoxicating liquors at the time he was married in 1893 and thereafter, but prior to the time of the defendants' wrongs complained of. The evidence on this point is conflicting. The mere fact that the plaintiff's husband had used liquor excessively prior to the time that defendants sold to him is not sufficient to defeat the plaintiff's action. We are cited to *Stahnka v. Kreitle, supra,* in support of defendants' con-

tention that they are not liable for damages resulting from a like traffic before they engaged in the business. This proposition is sound but it cannot control this case, because the plaintiff does not seek to recover for her non-support prior to the time the defendants engaged in business. By considering the evidence in the light most favorable to the defendants, the fact still remains and stands out boldly that the wrongful conduct of the defendants contributed to the condition of the plaintiff's husband as alleged in the petition and proved at the trial. This being the situation, the defendants are liable. It has been held that the liquors furnished by a defendant need not be the sole cause of an alleged injury in order to permit an aggrieved party to recover. *Wiese v. Gerndorf,* 75 Neb. 826; *Gorey v. Kelly,* 64 Neb. 605; *Wardell v. McConnell,* 23 Neb. 152; *Chmelir v. Sawyer,* 42 Neb. 362. Although conflicting, the evidence was sufficient to justify a finding that prior to the year 1901 the husband supported his family; that he provided a suitable house for their occupancy; that it was fairly well furnished, and the family supplied with necessary provisions; that he was capable of earning and did earn from $1,000 to $1,500 a year by which the necessary family supplies were furnished, and that at the time the plaintiff's husband began to frequent the defendants' saloons; that he was a strong man in good health; that thereafter he expended nearly all his earnings for liquor with defendants, and became substantially worthless to his family from a financial standpoint. A verdict for the amount returned was not excessive.

The record being without error, we recommend that the judgment of the court below be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion the judgment of the district court is

AFFIRMED.