EVA SELDERS, APPELLEE, V. JOHN S. BROTHERS ET AL., APPELLANTS.

FILED DECEMBER 10, 1910. No. 16,221.

1. Intoxicating Liquors: ACTION FOR LOSS OF SUPPORT: PLEADING AND PROOF: VARIANCE. In an action by a married woman against a licensed saloon-keeper for the loss of support for herself and her minor children, to which the sales of intoxicating liquors made by him to her husband has contributed, proof that prior to such sales the husband had been addicted to the excessive use of intoxicating liquors, but had reformed, and that by reason of such sales he had resumed that habit and become an habitual drunkard is competent, and does not constitute such a variance as requires the reversal of the judgment, although that fact is not specifically set forth in her petition.

2. ———: ———: MEASURE OF DAMAGES. If the means of support is totally destroyed, the full value of such means is the measure of damages; if only partially, then such damages should be allowed as would compensate for such partial destruction. The recovery in such an action is not limited to such damages as might compensate for loss of time while intoxication lasts, but the liability extends to such loss as is the direct result of such intoxication.

3. ———: ———: INSTRUCTIONS. Instructions examined and found to have been properly given.

4. ———: ———: AMOUNT OF DAMAGES. Where it is shown that the husband, prior to the sales of intoxicating liquor, was a man 45 years of age, in good health, a skilled mechanic, earning from $4 to $5 a day, that by reason of such sales he became an habitual drunkard, was broken down in health and incapable of contributing to the support of his family, a verdict for $2,000 cannot be said to be excessive.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Greene & Greene, Strode & Strode,* and *Wilmer B. Comstock,* for appellants.

*George A. Adams* and *Morning & Ledwith, contra.*

BARNES, J.

Action in the district court for Lancaster county brought by the plaintiff in behalf of herself and her six minor children against the principal defendants, who were licensed saloon-keepers in the village of Havelock, and the surety on their bonds, for the loss of her means of support caused by the sales of intoxicating liquors to her husband. The plaintiff had the verdict and a judgment for $2,000, and defendants have appealed.

Appellants contend that plaintiff's petition does not state facts sufficient to constitute a cause of action, and discloses upon its face that she has sustained no damages by reason of the sales of intoxicating liquors complained of. The petition alleges, among other things, that the principal defendants obtained their licenses on or about the 21st of April, 1905; that they were engaged in the business of conducting licensed liquor saloons for the sale of intoxicating liquors in the village of Havelock from that time until about the 21st of April, 1906; that the sales of intoxicating liquors complained of occurred between the 1st of January, 1906, and the 21st of April of that year; that for more than a year and a half prior to the commencement of the action plaintiff's husband had acquired the habit of intoxication; that the liquor furnished him by the principal defendants contributed to his intoxicated condition, and rendered him unfit and unable to work and earn support for plaintiff and her minor children; that such sales contributed to the forming of her husband's uncontrollable appetite for strong drink to such

an extent that he is unable to resist the same, and because thereof is rendered utterly incompetent to work or labor or follow any useful avocation in life. The petition also states, with reasonable certainty, that his dissipated condition began about the time the principal defendants procured their licenses and commenced to sell him intoxicating liquors. It is therefore fairly shown that the sales of liquor complained of contributed to the loss of her means of support. This was sufficient to entitle the plaintiff to recover.

In *Acken v. Tinglehoff*, 83 Neb. 296, it was said: "The mere fact that the plaintiff's husband had used liquor excessively prior to the time that defendants sold to him is not sufficient to defeat the plaintiff's action. We are cited to *Stahnka v. Kreitle*, 66 Neb. 829, in support of defendants' contention that they are not liable for damages resulting from a like traffic before they engaged in the business. This proposition is sound but it cannot control this case, because the plaintiff does not seek to recover for her nonsupport prior to the time the defendants engaged in business. By considering the evidence in the light most favorable to the defendants, the fact still remains and stands out boldly that the wrongful conduct of the defendants contributed to the condition of the plaintiff's husband as alleged in the petition and proven at the trial. This being the situation, the defendants are liable."

It has also been held that the liquors furnished by a defendant need not be the sole cause of an alleged injury in order to permit an aggrieved party to recover. In the case at bar the record fairly discloses that the plaintiff's husband was a man about 45 years of age; that he was a stone mason by trade; a man of excellent health, industrious, and a competent workman, and earned, when employed, from $4.50 to $5 a day; that on and prior to the 1st of April, 1905, he had become somewhat addicted to the use of intoxicating liquors; that the plaintiff, in order to protect him and to work his reform, if possible, served notice upon the saloon-keepers of the city of Lincoln not

to furnish her husband with intoxicating liquors; that, after the service of such notice, Selders reformed to the extent that he followed his usual avocation, earned his usual amount of wages, and turned the same over to the plaintiff for the use and support of his family; that in the month of January, 1906, he went to work at his trade for a man of the name of Vanoy, who resided at or near Prairie Home; that, in going from his residence to the place of his employment, Selders passed through the village of Havelock; that he at once commenced to procure intoxicating liquor from the several principal defendants; that he not only drank in their saloons, but purchased intoxicating liquor by the bottle, which he carried with him to the place of his employment, and drank there during his working hours; that he immediately relapsed into a condition of habitual drunkenness, and since that time has furnished the plaintiff with little or no support whatever; that his drunkenness had continued until the trial of this cause in the district court, at which time he was in a state of ill health, was unable to work, and contributed nothing to the support of the plaintiff and their minor children; that his condition was such while working at Vanoy's that plaintiff notified the principal defendants not to furnish her husband with any more intoxicating liquors. These facts would seem to bring this case clearly within the rule of *Acken v. Tinglehoff, supra,* and therefore defendants' contention is not well founded. The foregoing also disposes of the defendants' second assignment of error.

The defendants further contend that there is a fatal variance between the proof and the allegations of plaintiff's petition. The plaintiff was permitted to prove that in May, 1905, she had prohibited the saloon-keepers in Lincoln from selling her husband intoxicating liquors, and for a time thereafter his habits with reference to drinking improved; that he had contributed to the support of his family, and, while he had been addicted to the use of intoxicating liquors, yet at the time of the alleged sales he

had reformed and restored himself to a condition of usefulness. The petition did not contain such an allegation, and it is claimed that this constituted such a variance as requires a reversal of the judgment. This precise question arose in *Acken v. Tinglehoff, supra,* and it was held that it was proper to show that the plaintiff's husband had lived a sober life prior to the time that the defendants began to furnish him with intoxicating liquors, and although he may have been a drinking man in former years, and had wholly or partially reformed, that the liquors furnished him by the defendants had caused him to resume his former habit of drunkenness, and had thus contributed to the plaintiff's injury by depriving her of her means of support; that such proof was admissible as bearing upon the question of her damages.

Defendants also contend that the district court erred in instructing the jury as follows: "In a case like that at bar the defendant saloon-keepers and their bondsmen are liable, not only for damages resulting directly from the acts of said saloon-keepers, but for all damages to which such acts contribute. So in this case if you find from the evidence that the saloon-keepers in question sold intoxicating liquors to plaintiff's husband, and if you further find from the evidence that he was thereby wholly or partially disqualified to earn a support for his family, or that on account of drunken and dissolute habits acquired in whole or in part as a result of the intoxicating liquors so furnished to him he failed in whole or in part to support them, then such saloon-keepers, together with their sureties, are liable for such injury. to plaintiff's means of support for herself and said six minor children as shall result therefrom, and such liability continues, not only during the period of time covered by the license, but during the period of time which you shall find from the evidence such disqualification will be permanent, even though it shall continue beyond the year or years covered by said bond."

In *Wardell v. McConnell,* 23 Neb. 152, where a like

8

question was before the court, it was said: "The sureties upon the bond of a licensed vendor of intoxicating liquors are liable, not only for the damages resulting directly from the acts of their principals, but for all damages to which such acts contribute. And where, during the existence of a license based upon such bond, the principal sells intoxicating liquors to one who is disqualified to earn a support for his family, by reason of his intoxication, the liability of the surety attaches and continues throughout the period of such disqualification, whether the same terminates during the license year or continues for a longer time." We find from an examination of the authorities that this instruction has been frequently approved by this court. *Jessen v. Willhite,* 74 Neb. 608; *McClay v. Worrall,* 18 Neb. 44; *Gorey v. Kelly,* 64 Neb. 605; *Uldrich v. Gilmore,* 35 Neb. 288. It was said in the opinion in *Warrick v. Rounds,* 17 Neb. 411:. "If the means of support is totally destroyed, the full value of such means is the measure of damages. If only partially, then such damages should be allowed as would compensate for such partial destruction. This rule does not limit a plaintiff in an action to such damages as might compensate for loss of time while intoxication lasts, but extends to such loss as is the direct result of such intoxication." It appears from the authorities that the instruction complained of is a proper one.

Complaint is made of the sixth paragraph of the instructions. This instruction is so long that for want of space we decline to quote it. It is sufficient to say that it has been approved in the numerous cases bearing upon the question involved in this controversy which we have heretofore decided.

Finally, it is contended that the judgment is excessive, and it is not supported by the evidence. We find that the record contains competent evidence which tends to show that the plaintiff's husband, since the sales to him of intoxicating liquors complained of, has become broken down in health and unable to perform hard labor; that prior to that time his health was good; that he had earned from

$4 to $5 a day, and had contributed to the support of his family; that since that time he has contributed practically nothing for that purpose. It was further shown that it requires about $20 a week to support plaintiff and her minor children; that since January, 1906, the plaintiff has been compelled to work out at house cleaning, take in washing, and do other menial labor in order to support herself and family; that her eldest son, who at the time of the trial was about 19 years old, and two of her daughters were compelled to leave school, obtain employment, and contribute their wages to support the family, and the evidence seems conclusive that her husband's debauched and practically helpless condition is, and will be, permanent. It also appears that Selders' life expectancy at the time of the wrongs complained of was about 20 years, and it may be presumed that for a greater portion of that time he would, if sober and in good health, contribute his wages to the support and maintenance of his family. We are therefore unable to say that the judgment is excessive.

A careful review of the record satisfies us that it contains no reversible error; that the defendants were accorded a fair trial, and the judgment of the district court is therefore

AFFIRMED.