AMEL H. KOOP ET AL., APPELLANTS, V. LIZZIE ACKEN, APPELLEE.

FILED OCTOBER 6, 1911.   No. 16,529.

1. **Judgment: VACATION: PERJURY.** To require vacation of a judgment because of perjury on the part of the one obtaining it, it must be shown by clear and satisfactory evidence that the alleged false testimony was wilfully and purposely given; that it was material to the issue being tried, and was not merely cumulative, but probably controlled the result.

2. ———: ———: EVIDENCE. Evidence found to be insufficient to require the vacation of the judgment complained of.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*E. C. Strode* and *Coy Burnett,* for appellants.

*George W. Berge* and *Morning & Ledwith, contra.*

SEDGWICK, J.

This defendant recovered a judgment against these plaintiffs, as saloonkeepers, and their bondsmen for damages caused by selling intoxicating drinks to her husband. Upon appeal to this court her judgment was affirmed. *Acken v. Tinglehoff,* 83 Neb. 296. These plaintiffs began this action in the district court for Lancaster county to vacate that judgment on the ground that this defendant procured it by perjury. Upon trial that court found in favor of this defendant and dismissed the suit. The plaintiffs have appealed to this court. They contend that this defendant committed perjury in obtaining her judgment with reference to three matters: First, in regard to her having obtained pecuniary aid prior to the time that she alleged that the intoxicating liquors were sold to her husband; second, with reference to the condition of her husband before that time; and, third, with reference to

whether she had ordered one of the plaintiffs to sell liquor to her husband.

1. Upon the first of these assignments in the brief, it appears that in obtaining her judgment she was a witness in her own behalf, and testified that her husband, prior -to the wrongs complained of in her petition, was a strong man and able to make a good living, and did make a good living; was never sick, and that she did not get anything from any charity organization, but did get her support from her husband's earnings, and that her husband, while he drank a little, did not drink enough to interfere with his business or work, or with supporting her and her children, but earned from $100 to $125 a month for each year during the eight years next prior to the time when she alleged that these plaintiffs were selling him intoxicating liquors. They allege in their brief that this testimony was untrue, and that in so testifying she committed wilful perjury. To support this allegation, they refer to their petition in the case and an affidavit filed therewith, but the case was tried upon issues regularly formed and oral testimony given in open court, and the plaintiffs' petition and affidavit would not be conclusive proof that the testimony referred to was false. No other evidence is referred to in the brief tending to show that the testimony complained of was false, and this part of the case seems to be wholly unsupported.

2. As to the second assignment of the brief, they allege that in obtaining her judgment, in answer to a question whether her husband bought liquors of one of these plaintiffs "right along" after her action was begun, she answered, "No," and also testified that she did not go to one of these plaintiffs and request him to let her husband have liquors, and never told one of these plaintiffs to let him have liquor to drink since the commencement of her suit; whereas, in fact, she signed a written order asking one of these plaintiffs to let her husband have liquor. She testified upon the trial of this case in the court below that she did sign a paper of that character at the request of

her husband; that her husband presented the paper to her, and said: "Sign this paper." And she further testified: "I told him there, I did not want to sign it. When I signed it, I said I did not want to sign this, and he says, 'It will never go farther than me.' That is what he said." If it should be thought that the signing of this paper, under the circumstances and in the condition that this defendant then found herself, would be so material in the trial of her action against the saloon-keepers that her denial of so doing would constitute such fraud and perjury as to require that her judgment should be vacated, it does not appear from the record that she purposely and wilfully denied having signed such paper.

In *Barr v. Post,* 59 Neb. 361, it was held that the giving of false testimony in relation to matters that tended only to affect the amount of the recovery, when there was sufficient evidence of other witnesses to assist the jury in estimating the damage, would not furnish sufficient ground for vacating the judgment. The evidence complained of in this case is all of that character. It is not proved with any certainty that the husband was an habitual drunkard before the plaintiffs furnished him the liquors complained of, and if this defendant, *after her suit for damages was begun,* authorized one of these plaintiffs to furnish her husband with liquor, such action would not furnish a defense; if it was competent in evidence at all, it would only be as tending to show that she consented to the injuries which she complained of, and, in the absence of any other evidence of consent to the sale of which she complained, would be wholly ineffectual for that purpose. In *City Savings Bank v. Carlon,* 87 Neb. 266, it was held that "evidence tending to show that the prevailing party upon the former trial testified falsely upon a vital issue in the case, which false testimony, if believed, might have controlled the decision, is material; and if it appears that the defeated party was without fault or negligence in not producing such evidence, and that the same can be produced on another trial, and might probably change

the result, a new trial should be granted." The evidence comes far short of bringing this case within that rule. It was said in *Barr v. Post, supra,* that "actions of this character are not to be encouraged." The reasons there given for so holding need not be repeated here.

The judgment of the district court is

AFFIRMED.