MARVIN LEE, MINOR; by Mrs. Nellie Lee, his natural Guardian and Next Friend, Appellee, v. PAT HEDERMAN, Appellant and U. S. FIDELITY & GUARANTY Co., Appellee.

**Evidence:** MATERIALITY: MOTION TO STRIKE. A motion to strike the entire answer of a witness because of immateriality, where a portion of the same was material, and no specific objection was made to the immaterial part, should be overruled.

**Same.** In the absence of any preliminary showing that a witness had any knowledge of the occupation and character of the party inquired about, objection to the inquiry as to what the witness knew about such persons being a bootlegger was properly sustained as immaterial.

**Intoxicating liquors:** INJURY BY INTOXICATED PERSON: DAMAGES: EXTENT OF PROOF. Under the statute providing that any child injured in his means of support by an intoxicated person has a right of action against the person who, by selling or giving away liquor, caused the intoxication, it is sufficient to show that the injury was by an intoxicated person regardless of whether it would have been committed by him if sober.

**Same:** INSTRUCTIONS. In an action of this character, an instruction requiring plaintiff to prove that his injury in the means of his support was in consequence of such intoxication, while casting upon plaintiff a greater burden than the law requires, was not prejudicial to defendant.

**Same:** LOSS OF SUPPORT: DAMAGES: EVIDENCE. Evidence of the habits of plaintiff's father as to the use of liquor, and that he was a drunkard, while not a defense to an action by a child for loss of means of support by the sale or giving of liquor to him, is competent in determining plaintiff's loss.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, DECEMBER 11, 1912.

ACTION for damages resulted in a judgment against defendant, from which he appeals.—*Reversed.*

*Connor & Lally,* for appellant.

*Shaw, Sims & Kuehnle,* for appellee.

LADD, J.—The plaintiff is a minor son of Arnold Lee, deceased, and sued by his mother, as next friend, for loss in his means of support. The defendant operated a saloon at Arion, and was alleged in the first count of the petition to have sold or given intoxicating liquors to said Arnold Lee on August 3, 1909, who drank the same, and·that said liquors so sold or given caused or contributed to his intoxication, and that while on the way from Arion to Dow City, when so intoxicated, he fell or was thrown from the wagon in which he was riding by reason of the team becoming frightened by the shouting and hallooing of said Lee and one Shaffer, and was thereby killed. In the second count of the petition it is alleged that defendant sold or gave to one Shaffer a pony keg of beer and put a spigot in it; that this wes put in Shaffer's wagon; that Lee accompanied Shaffer from Arion to Dow City and that Shaffer became intoxicated on the way from drinking beer from said keg, and when near Arion, and while so intoxicated, by shouting and hallooing, frightened his team, caused it to lunge forward and start to run away, and thereby Lee was thrown from the wagon and killed. The defense interposed was a general denial. Appellant has assigned only sixty-eight errors, thirty-seven of which are argued. Such as seem of sufficient gravity to require it will be considered.

I.   The mother of deceased, after testifying that he was twenty-nine years old past, and that she had seen him in the afternoon prior to his death, was asked: "Was he a strong, robust, or very delicate man;" And, over objection as immaterial, answered: "Yes, sir; he was a strong, healthy man, and

1. EVIDENCE: materiality: motion to strike.

[over same objection] he was very pleasant around the house.'' The defendant moved to strike out the answer because immaterial. The motion was overruled. Defendants argue that the last clause of the answer should have been excluded, but, as the motion was to strike the entire answer, that point was not saved. Defendant's condition was material as bearing on the extent of plaintiff's loss of support, and, as part was material, the motion to strike out the entire answer was rightly overruled.

II. Another witness, George Bell, after testifying that he had resided in Union township, Crawford county, for forty years, and had seen Lee about an hour before he left Arion, and also when he was about half way between Arion and Dow City, and did not regard him as intoxicated, was asked. ''What do you know about Mr. Lee being a bootlegger?'' An objection as immaterial and incompetent was sustained. Whether what the witness know would have had any bearing in ascertaining the kind of a man deceased was or his occupation the court had no means of knowing, and, in the absence of any preliminary showing, there was no error in the ruling.

2. SAME.

III. Exception is taken to several of the instructions given and refusal of those requested. All of the latter in so far as correctly stating the law were embodied in or negatived by those given. Most of the latter were very short, and, of course, could not for this reason be very comprehensive, but we think the law fairly stated in the charge as a whole except in the instructions hereafter criticized.

3. INTOXICATING LIQUORS: injury by intoxicated person: damages: extent of proof.

In the thirteenth instruction the jury was told that it was only necessary ''to show that the accident occurred while the father was in fact intoxicated by the use of intoxicating liquors sold or given to him by defendant or another for him,'' and that plaintiff was not required to show as a condition to his right of recovery on the first count that ''the father would not have met with the accident resulting in

his death had the defendant not sold or given him the liquor in question." The exception thereto is based on an erroneous interpretation of the statute which provides, in substance, that every child who is injured in his means of support "by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person," has a right of action against any person, who by selling or giving contrary to law shall cause intoxication of such person for all damages actually sustained as well as exemplary damages. It is enough that the injury was by an intoxicated person, regardless of whether it would have been committed by him if sober. In other words, if by an intoxicated person, it is not necessary to prove that the injury was in consequence of intoxication. *Bistline v. Ney Bros.*, 134 Iowa, 172.

The nineteenth instruction was inconsistent with the thirteenth, in that it was there laid down that plaintiff must

4. SAME: instructions. have been "injured in his means of support in consequence of such intoxication." This error, however, was not prejudicial to defendant, for it cast on the plaintiff the additional burden of proving that the injury by an intoxicated person was in consequence of his intoxication. What has been said disposes of the criticisms of the sixteenth instruction, where the jury was told that if the deceased was riding with Shaffer, and Shaffer was intoxicated from drinking intoxicating liquors purchased or procured by him from defendant, and while so intoxicated "did, by shouting and hallooing, frighten, or contribute to frightening of, the team the said Shaffer was driving at the time, and caused the said team to start or jump, and by reason thereof" Lee to be thrown or fall from the wagon and killed, then plaintiff would be entitled to recover, regardless of whether Lee was intoxicated. The criticism is that the court omitted to say that the shouting and hallooing must have been in consequence of Shaffer's intoxication, but this, as seen, was not necessary. If while intoxicated he

frightened the team, and thereby caused Lee to fall from the wagon, the defendant became liable, for the statute in express words declares the right of recovery if the injury is by an intoxicated person.

The twenty-first instruction submitted the issue on the theory contended for, however, and in the twenty-second the jury was told, in substance, that, unless injury to means of support was in consequence of intoxication, there could be no recovery. Appellant has no room for complaint of a greater burden being cast on plaintiff than the law exacts. We have called attention to these discrepancies that they may be avoided on another trial.

IV. The court excluded evidence bearing on defendant's habits of economy, and instructed the jury in the fifteenth paragraph of the charge as follows.

5. SAME: loss of support: damages: evidence.

"The habits of the said Arnold Lee as to indulgence in the use of intoxicating liquors, or the fact that he may have become an habitual drunkard, if it had been shown in evidence, would not have been material in determining the plaintiff's right to a verdict or the amount thereof, and you are not permitted to take such matters into consideration, for the reason that it does not follow that he would have continued as such, or that he would have met his death at the time notwithstanding the sale or gift by the defendant to him. In other words, it is no defense in an action of this kind whether the father was in the habit of drinking little or much of intoxicating liquors, or what his earnings were, or how he used them in the support of his wife and child." An instruction "to take into consideration the habits of deceased as to spending money or saving the same, amount of property he had accumulated and owned at the time of his death, his habits as to spending his money in saloons, and any other fact and circumstance and evidence which will aid in determining just what the plaintiff suffered in his means of support by the death of his father," was refused. It would seem that no argument is required

to demonstrate that the value of an infant's means of support lost by the death of his father necessarily depends largely on the habits of that father, whether economical, industrious, and sober or the reverse. The means of support to be expected from one in the habit of becoming intoxicated would likely be much less than were he a man of sobriety, and the same may be said of a lazy person as compared with one who is industrious, a thrifty person as against a spendthrift, one who earns good wages as compared with a loafer.

But, according to the instruction given, these matters have no bearing, and the fact of deceased's excessive use of intoxicants or that he may have become a drunkard might not have been considered in determining the amount of the verdict. Of course, as said in the last clause of the instruction, what deceased's habits may have been did not constitute a defense, but these were material in determining the loss in means of support plaintiff suffered through his father's death. *Dunlavey v. Watson,* 38 Iowa, 398; *Uldrich v. Gilmore,* 35 Neb. 288 (53 N. W. 135); Black, Intoxicating Liquor section 324. In *Woolheather v. Risley,* 38 Iowa, 486, followed in *Huff v. Aultman,* 69 Iowa, 71, the rule was laid down that, if a husband had been addicted to drink and failed to support his wife prior to the time defendant had furnished him intoxicating liquors, this could not be considered as bearing on the measure of damages in the loss in means of support claimed by the wife during the period defendant was furnishing him liquors. This was tantamount to saying that because the husband had formerly obtained liquors elsewhere it afforded defendant no justification for selling or giving him liquors during the period alleged, and thereby causing his intoxication, and depriving his wife of the support to which she was entitled. Here the injury was in causing death and all the probabilities of the future were open to inquiry, and, of course, might be estimated only from the life deceased had lived in the past. But for his death, what was

the character and value of the means of support this three year old child would likely have enjoyed? This necessarily depended on the kind of a man he was, and this the jury had the right to take into account in fixing the amount of damages recoverable. There was error in the instruction given, in the refusal to give that requested and in the exclusion of the proffered evidence.—*Reversed.*